# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EVERETT STAMATAKOS, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 17-62S |
| : | |
| WELLS FARGO BANK, NATIONAL : | |
| ASSOCIATION; and U.S. BANK : | |
| NATIONAL ASSOCIATION, AS, : | |
| TRUSTEE FOR STRUCTURED ASSET : | |
| INVESTMENTS LOAN TRUST 2006-3, : | |
|     Defendants. : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This matter is before the Court on the expedited motion of *pro se* Plaintiff Everett Stamatakos to restrain and enjoin Defendant U.S. Bank from proceeding with its state-court action to evict Plaintiff from his residence at 322 Branch Avenue, Providence, Rode Island ("the premises"). ECF No. 12. The motion has been referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Although his filings are sophisticated, as always in dealing with the filings of any *pro se* litigant, the Court has read Plaintiff's complaint and stay motion with leniency. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

In brief, following a 2011 foreclosure sale, the premises were sold at foreclosure on April 19, 2012, by Defendant Wells Fargo Bank, as mortgage loan servicer, to Defendant U.S. Bank. ECF No. 1-4 ¶ 15. In February 2016, U.S. Bank began eviction proceedings in Rhode Island district court. After the eviction proceedings had been pending for almost a year, in January

2017, Plaintiff filed this complaint in Providence County Superior Court. In this case, Plaintiff contends that Defendants breached an agreement with him to modify the mortgage, that an assignment of the mortgage was void and that the power of attorney used to execute the foreclosure deed was deficient, so that the foreclosure deed itself is void and that title to the premises should be quieted in him. ECF No. 1-4 ¶¶ 17-26, 34, 38. Notwithstanding those allegations, the Rhode Island district court eviction case culminated in a decision adverse to Plaintiff, granting possession to U.S. Bank and awarding it $47,045.75 as damages for occupancy and as costs. ECF No. 12-1 at 7. Plaintiff claims that he appealed the adverse eviction decision to the Superior Court with the intent to ask the Superior Court to consolidate the cases. Before he could do so, Defendants removed this case to federal court, which he alleges effectively bifurcated the eviction action. He contends that, without the ability to raise the defense that U.S. Bank's deed is void, he will be evicted. To avoid that harm, he asks this Court to enjoin U.S. Bank from prosecuting or proceeding further with the state court eviction action. The Superior Court eviction trial is set for April 21, 2017.

The remedy Plaintiff seeks from this Court runs afoul of the Anti-Injunction Act, 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." An eviction proceeding under the circumstances presented here does not fall into any of the three exceptions; accordingly, the federal court is barred by the Act from enjoining the eviction case. See Seidel v. Wells Fargo Bank, N.A., No. CIV.A. 12-10766-RWZ, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012) (based on Anti-Injunction Act, declining to enjoin state court eviction proceeding despite former home owner challenging bank's right of possession in case removed

to federal court).  Further, Plaintiff has failed to carry his burden of establishing the four prongs permitting the granting of extraordinary injunctive relief.  Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 17-18 (1st Cir. 2006) ("(1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.").  In particular, he has not demonstrated that he will suffer irreparable harm if the state eviction trial commences, nor has he demonstrated that other remedies are not available, such as his right to appeal an adverse state-court decision or to file a motion asking the state court to stay its proceedings.  Further, if the pendency of the eviction proceeding is the moment when the harm began to be inflicted, Plaintiff has not timely sought an injunction, in that the eviction proceedings were initiated well over a year ago.

Injunctive relief is an extraordinary and drastic remedy.  Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012).  Having reviewed the parties' filings, I find that the relief requested is prohibited by the Anti-Injunction Act, as well as that Plaintiff has failed to sustain his burden of presenting the requisite proof of any irreparable harm or emergency that a court order might rectify.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 20, 2017