**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EVERETT STAMATAKOS ) | |
| Plaintiff, ) | |
| ) | C.A. NO. 1:17-cv-00062-S-PAS |
| v. ) | |
| ) | |
| WELLS FARGO BANK, NATIONAL ) | June 9, 2017 |
| ASSOCIATION; and U.S. BANK NATIONAL ) | |
| ASSOCIATION, AS TRUSTEE FOR ) | |
| STRUCTURED ASSET INVESTMENTS ) | |
| LOAN TRUST 2006-3 ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

Defendants Wells Fargo Bank, National Association ("Wells Fargo") and U.S. Bank National Association, as Trustee for Structured Asset Investments Loan Trust 2006-3[1] ("U.S. Bank") (jointly, "Defendants") respectfully move this Court, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all counts of the First Amended Complaint filed by Plaintiff Everett Stamatakos ("Plaintiff"). Plaintiff challenges the foreclosure of his mortgage on the grounds that Defendants breached a contract with him to modify that mortgage, and that the Defendants' alleged breach violated the implied covenant of good faith and fair dealing. He also contends that the doctrine of promissory estoppel entitles him to a permanent loan modification, and that Wells Fargo violated Rhode Island's Unfair Trade Practice and Consumer Protection Act. Finally, Plaintiff seeks to challenge the foreclosure by claiming that an assignment of the mortgage to the foreclosing entity, U.S. Bank, is void because the signatory lacked authority to execute the

---

[1] Plaintiff's Amended Complaint names U.S. Bank, National Association, as Trustee for Structured Asset Investments Loan Trust 2006-3. The holder of the mortgage and foreclosing entity is U.S. Bank, NA as Trustee for the Structured Asset Investment Loan Trust, 2006-3. All rights are reserved.

assignment, and that the foreclosure deed is void because the signatory acted pursuant to a defective power of attorney.

The Complaint, prepared by counsel, should be dismissed because it fails to set forth any viable claims for relief. Plaintiff's breach of contract claims fail because he has not plausibly allege that he had a contractual right to a permanent loan modification. His promissory estoppel claim should be dismissed because Plaintiff has failed to allege detrimental reliance, and his statutory claims fails because the statute does not apply to Wells Fargo as a matter of law. Plaintiff lacks standing to challenge the signatory authority of the individual who executed the mortgage assignment, and he has not set forth a cognizable claim that the properly executed, acknowledged, and recorded foreclosure deed is void. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Rules of Federal Civil Procedure for its failure to state claims upon which relief may be granted.

In further support of their motion, Defendants rely on the Memorandum of Law submitted herewith.

WHEREFORE, based on the foregoing, Defendants Wells Fargo Bank, National Association and U.S. Bank National Association, as Trustee for Structured Asset Investments Loan Trust 2006-3, respectfully request that their motion be allowed and that this Court dismiss the First Amended Complaint.

Respectfully submitted,

Defendants,

Wells Fargo Bank, N.A., and
U.S. Bank, N.A., as Trustee for the Structured
Asset Investments Loan Trust 2006-3,

By their Attorneys,


/s/ *Michael E. Jusczyk*
Michael E. Jusczyk (Bar# 7791)
mjusczyk@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Dated:  June 9, 2017                    Fax:  (617) 946-4801


**CERTIFICATE OF SERVICE**

I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2017 and paper copies will be mailed to those indicated as non-registered participants.  In addition, a copy of this document shall be sent to Plaintiff Everett Stamatakos via electronic and regular mail at the following address:

Everett Stamatakos
322 Branch Avenue
Providence, RI  02904
E-Mail:  spsgeneral@gmail.com


/s/  *Michael E. Jusczyk*
Michael E. Jusczyk

- 3 -