UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
EVERETT W. STAMATAKOS,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 17-062 WES
                                    )
WELLS FARGO BANK, NATIONAL          )
ASSOCIATION; and U.S. BANK NATIONAL )
ASSOCIATION, AS TRUSTEE FOR         )
STRUCTURED ASSET INVESTMENTS LOAN   )
TRUST 2006-3,                       )
                                    )
        Defendants.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R&R") (ECF No. 35) recommending that the Motion To Dismiss (ECF No. 21) filed by Defendants Wells Fargo Bank, National Association and U.S. Bank National Association, as Trustee for Structured Asset Investments Loan Trust 2006-3 (collectively, "Defendants") be granted as to Counts III and IV of Plaintiff's Complaint (ECF No. 1-4) but denied as to Counts I and II.[1]  Defendants timely objected to the R&R (ECF No. 42) ("Objection").  After careful review of the R&R and the relevant

---

[1] Defendants only challenge Magistrate Judge Sullivan's recommendation that Counts I and II of Plaintiff's complaint move forward.

papers,[2] the Court accepts the R&R and adopts its recommendations and reasoning. See 28 U.S.C. § 636(b)(1).

First, Defendants challenge Magistrate Judge Sullivan's Count I recommendation and suggest that Plaintiff fails to plausibly allege entitlement to a permanent loan modification. (Defs.' Obj. to R. & R. 2-3, ECF No. 42.) Defendants posit that, because the complaint "expressly acknowledges" that making the three trial payments was only "part" of the contract, and because Plaintiff does not allege what those other "parts" were, it must be that Plaintiff has not satisfied his other contractual obligations. Defendants made this same argument before Magistrate Judge Sullivan, who appropriately rejected it. (See R. & R. 6 ("The argument turns the analysis proper at the 12(b)(6) phase on its head; in considering a motion under Fed. R. Civ. P. 12(b)(6), the Court must draw all reasonable inferences in favor of the claimant, not the movant."). Defendant's argument is no more persuasive now than it was before. And the Court agrees that it is not appropriate for a motion to dismiss. "[T]he most that defendants' arguments have done is inject a degree of ambiguity into the contract. They fall far short of showing that the only reasonable interpretation

---

[2] The Court reviews de novo a properly filed objection to an R&R addressing a dispositive motion. See Emissive Energy Corp. v. SPA-Simrad, Inc., 788 F. Supp. 2d 40, 42 (D.R.I. 2011); Fed. R. Civ. P. 72(b)(3).

of [it] supports their position." Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 235 (1st Cir. 2013). At this motion-to-dismiss stage, the Court may not upend the applicable standard and pile inference upon inference against Plaintiff, particularly when that Plaintiff is pro se. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75-76 (1st Cir. 2014) ("And we construe pro se complaints . . . liberally.") (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Instead, the Court must resolve ambiguities in favor of Plaintiff. See Lass v. Bank of America, N.A., 695 F.3d 129, 137 (1st Cir. 2012) (reversing district court's rejection of plaintiff-homeowner's proposed interpretation of ambiguous mortgage and reinstating her breach-of-contract claim).

Defendants' suggestion that Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing is similarly unavailing. On this score, Defendants argue that Magistrate Judge Sullivan "conflated the standards for breach of contract, and for breach of the covenant of good faith and fair dealing" by suggesting that she recommended that because Plaintiff pleaded a breach-of-contract claim, he necessarily pleaded a breach of the implied covenant of good faith and dealing. (Defs.' Obj. to R. & R. 5.) Defendants mischaracterize Magistrate Judge Sullivan's analysis. And the case they suggest Magistrate Judge Sullivan overlooked, Miller v. Wells Fargo Bank, N.A., 160 A.3d

3

975 (R.I. 2017), is inapposite. There, the Rhode Island Supreme Court's holding that plaintiff's claim for breach of the implied covenant of good faith and fair dealing did not pass muster hinged on it adopting the trial justice's factual finding that there was no "contractual obligation on behalf of the lender to either modify the mortgage loan or exercise discretion in evaluating a potential modification . . . ." Miller, 160 A.3d at 980-81. Here, at this early stage of the case, the Court cannot draw such an inference in Defendants' favor. And, in any event, based on Magistrate Judge Sullivan's reasoning, Defendants' concern for conflation between the two standards is unfounded. Rather than hold that Plaintiff necessarily pleaded a plausible claim for breach of good faith and fair dealing <u>because</u> Plaintiff pleaded a plausible breach-of-contract claim, Magistrate Judge Sullivan focused on Plaintiff's "described conduct," which she concluded amounted to a viable arbitrary and unreasonable claim in light of Defendants' plausible contractual obligations. (<u>See</u> R. & R. 7.) Plaintiff's Count I claim survives Defendants' motion to dismiss.

Finally, Defendant's attack on Magistrate Judge Sullivan's Count II recommendation is no more compelling. (Defs.' Obj. 6-8.) Defendants suggest Magistrate Judge Sullivan's treatment of the promissory-estoppel claim was inappropriate because "[g]iven Plaintiff's ongoing payment obligations, the Complaint fails to

4

plausibly allege that by making the three trial period payments Plaintiff changed his position or did anything that he would not have done in the absence of the alleged promise" and "also fails to allege Plaintiff suffered harm from making the trial period payments."[3] (Id. at 7-8.) Once again, Defendants' averment is premature at the motion-to-dismiss stage and requires the Court to draw inferences adverse to Plaintiff, which it is not willing to do at this juncture. For the reasons outlined by Magistrate Judge Sullivan, the Court is satisfied that Plaintiff alleges a plausible claim for detrimental reliance sufficient to clear Defendants' motion to dismiss.

Accordingly, the R&R (ECF No. 35) is ACCEPTED. Defendants' Motion To Dismiss (ECF No. 21) is GRANTED as to Counts III and IV and DENIED as to Counts I and II.

IT IS SO ORDERED.

/s/ W. E. Smith
_____
William E. Smith
Chief Judge
Date: March 22, 2018

---

[3] Besides a general restatement of the elements of promissory estoppel, the cases Defendants rely on do not apply Rhode Island law. (See Defs.' Obj. 6-8.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EVERETT W. STAMATAKOS, | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 17-062WES |
| | : |
| WELLS FARGO BANK, NATIONAL | : |
| ASSOCIATION; and U.S. BANK | : |
| NATIONAL ASSOCIATION, AS TRUSTEE | : |
| FOR STRUCTURED ASSET INVESTMENTS | : |
| LOAN TRUST 2006-3, | : |
|     Defendants. | : |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This matter is before the Court on the motion to dismiss (ECF No. 21) filed by Defendants Wells Fargo, National Association, ("Wells Fargo") and U.S. Bank National Association, as Trustee for Structured Asset Investments Loan Trust 2006-3 ("U.S. Bank"), seeking the dismissal of Plaintiff's Complaint (ECF No. 1-4) in its entirety. Plaintiff, represented by counsel, filed his four-count complaint in Rhode Island Superior Court to challenge the foreclosure of his home, located at 322 Branch Avenue, Providence, Rhode Island. Defendants removed the litigation to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Shortly after removal, Plaintiff's counsel moved to withdraw (ECF No. 4), which motion was granted by this Court on March 20, 2017. With leave of the Court, Plaintiff now proceeds *pro se*. Consequently, the Court has afforded Plaintiff's subsequent filings the measure of leniency that is appropriate under applicable law. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**I.    BACKGROUND**

Plaintiff bought the property at 322 Branch Avenue in January 2006, executing a mortgage and note to First Horizon Home Loan Corporation ("First Horizon") for $210,000.

ECF No. 1-4 ¶¶ 1, 8; ECF No. 21-2. Soon after, First Horizon assigned the mortgage to Defendant U.S. Bank. ECF No. 21-3. At the time of the assignment, Defendant Wells Fargo, operating as "America's Servicing Company" or "ASC" (collectively "Wells Fargo"), took over the servicing of the loan. With their opposition, Defendants have submitted copies of the versions of the mortgage and assignment filed in the land records; as clarified during a phone conference with the Court held in connection with this motion, Plaintiff does not challenge the authenticity of these documents.[1] However, Plaintiff does challenge the validity of the assignment alleging that it was not executed by an officer of the assignor with the necessary authority. ECF No. 1-4 ¶¶ 36-37.

On or around August 21, 2009, according to Plaintiff, he and Wells Fargo entered into a verbal contract, subsequently confirmed in writing,[2] pursuant to which he claims that Wells Fargo agreed to permanently modify the terms of the mortgage if he complied with certain requirements during a trial period. ECF No. 1-4 ¶ 12; see Young v. Wells Fargo, N.A., 717 F.3d 224, 229 (1st Cir. 2013) (U.S. Treasury Department guidelines direct loan servicers to offer

---

[1] Guided by the First Circuit, this Court has considered these documents in connection with this motion to dismiss – they are referenced in the complaint, are integral to the claims and are a matter of public record and their authenticity is undisputed. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013); Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013); see Pimental v. Wells Fargo Bank, N.A., CA No. 14-cv-494S, 2015 WL 5243325, at *4 (D.R.I. Sept. 4, 2015), adopted, 2016 WL 70016 (D.R.I. Jan. 6, 2016) ("it is generally accepted that 'the Court . . . can take judicial notice of . . . the underlying mortgage documents'"). Similarly, Defendants submitted copies of the recorded versions of the foreclosure deed and the limited power of attorney, which are referenced in the complaint. ECF Nos. 21-4, 21-6. During the phone conference, Plaintiff confirmed that he does not dispute their authenticity; accordingly, the Court has also considered them.

[2] Based on this reference to a writing memorializing the agreement, Defendants submitted a purported copy of correspondence with Plaintiff relating to the proposed loan modification. ECF No. 21-5. For his part, Plaintiff's objection to the motion was accompanied by almost two hundred pages of communications between the parties. Because none of these documents are a matter of public record, because the two batches of submissions are not identical and neither side's submission appears to be complete, and because, during the phone conference with the Court, Plaintiff, acting *pro se,* was uncomfortable acquiescing to the authenticity of Defendant's document, this Court has not considered any of this material in connection with this motion. Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 322 (1st Cir. 2008) ("it was well within the district court's discretion to decline to consider the [warranty] document in deciding the motion to dismiss"). This determination is without prejudice to these materials being used at a subsequent stage of the case; for example, if properly authenticated, Defendants' document may well be appropriate for consideration in connection with a motion for summary judgment.

permanent loan modifications to borrowers who comply with terms set forth during trial period). On his part, Plaintiff promised to make three monthly payments to Wells Fargo. Id. ¶ 12. Plaintiff alleges that he fulfilled his end of the bargain, while Defendants "breached the agreement with Plaintiff by failing and refusing to permanently modify the Stamatakos mortgage." Id. ¶ 13. Instead of complying, Defendants turned the matter over to Harmon Law Offices, P.C., which proceeded to sell the house at a foreclosure sale, first to an individual buyer in 2011 who failed to follow through with the purchase, and then to U.S. Bank on April 19, 2012. See id. ¶¶ 14-15. Plaintiff alleges that the foreclosure deed is void because the person who executed it lacked the proper power of attorney; he challenges the viability of the related power of attorney based on its failure specifically to identify the mortgage loan to be foreclosed. Id. ¶ 34. Since the foreclosure sale, Plaintiff has been fighting his eviction in the Superior Court and now in this Court.[3] See ECF Nos. 10, 16, 32; R.I. Superior Court Case No. PD-2017-1431.

In Count I, Plaintiff alleges that he was, and remains, ready, willing and able to perform under the modification agreement and that Defendants' breach of that agreement resulted in the foreclosure sale. He alleges that this breach also constitutes a breach of the implied covenant of good faith and fair dealing inherent in every contract. In his alternative Count for promissory estoppel, Plaintiff alleges that he detrimentally relied on Defendants' false promises to permanently modify his loan, resulting in the foreclosure of his home. In a third Count, Plaintiff alleges that Defendants' breach was a violation of Rhode Island's deceptive trade practices act, R.I. Gen. Laws § 6-13.1-1, *et. seq.* ("DTPA"). And in a fourth Count, Plaintiff alleges that the

---

[3] In an Amended Report and Recommendation dated April 20, 2017, this Court denied Plaintiff's motion to enjoin Defendant U.S. Bank's Superior Court action to evict him. ECF No. 16, adopted, ECF No. 22 (D.R.I. June 19, 2017). Plaintiff withdrew his motion after the report and recommendation issued, explaining that it was moot. ECF No. 17. According to the state court record, as confirmed by Plaintiff during the Court's phone conference, Plaintiff continues to reside at the property and is paying a use and occupancy fee into the Rhode Island Superior Court registry. See ECF Nos. 10, 16, 32; R.I. Superior Court Case No. PD-2017-1431.

foreclosure deed is void and seeks a judgment to quiet title declaring him to be the lawful owner of the property.

For the reasons that follow, I recommend that Defendants' motion be granted in part, dismissing Plaintiff's Counts alleging deceptive trade practices and seeking to quiet the title, and denied in part, preserving the two Counts alleging breach of contract and promissory estoppel for future judicial activity.

## II.     STANDARD OF REVIEW

As required by Fed. R. Civ. P. 12(b)(6), a complaint must give the defendant fair notice of what the claim is and the grounds on which it rests, and allege a plausible entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007).  The plausibility inquiry requires the court to distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."  Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).  The Court must then determine whether the factual allegations are sufficient to support "the reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  The complaint should not be read "too mechanically"; rather, it should be considered as a whole, along with a heavy dose of common sense.  Rodriguez-Vives v. P.R. Firefighters Corps of P.R., 743 F.3d 278, 283 (1st Cir. 2014).  All well-pled facts must be taken as true and all reasonable inferences drawn in the plaintiff's favor.  Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

This case was removed to federal court from Rhode Island Superior Court, which has not adopted the stricter Iqbal/Twombly federal pleading standard.  The State continues to adhere to the standard set forth in Conley v. Gibson. 355 U.S. 41, 45-48 (1957).  For purposes of this case,

4

however, this discrepancy in the standard of review is immaterial;[4] the Court's recommendation would be the same under either standard.

## III. ANALYSIS

### A. *Count I – Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing*

In Count I, Plaintiff alleges that he and Wells Fargo "entered into a verbal contract, which subsequently was confirmed in writing by letter," according to which Wells Fargo agreed to modify his mortgage. ECF No. 1-4 ¶ 12. Plaintiff claims to have fulfilled his obligations under the contract by making three monthly payments in an agreed-upon amount, but that Wells Fargo breached, resulting in the foreclosure of Plaintiff's mortgage and the sale of his property; relatedly, he alleges that Wells Fargo's failure permanently to modify the mortgage constituted a breach of the covenant of good faith and fair dealing implicit in every contract. Id. ¶¶ 13-15, 16-20. Relying on the unauthenticated document attached to their motion as the putative embodiment of the agreement,[5] Defendants challenge the viability of Count I, arguing that it must be dismissed because Plaintiff has failed to make a "viable" claim that there was an enforceable contract that required Wells Fargo to modify the terms of the loan. ECF No. 21-1 at 8. Alternatively, Defendants argue that Plaintiff failed to fulfill his side of the bargain because the pleading permits the inference that he "had obligations *in addition* to making the three Trial

---

[4] In cases where the difference is material, this Court has consistently held that the Iqbal/Twombly standard must be applied to removed pleadings; however, the Court has also been lenient in allowing the claimant to amend a factually deficient Conley-compliant complaint drafted to meet the state court standard. Pemental v. Bank of New York Mellon for Holders of Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5, No. CV 16-483S, 2017 WL 3279015, at *2 (D.R.I. May 10, 2017), adopted, 2017 WL 3278872 (D.R.I. Aug. 1, 2017); Avedisian v. Select Portfolio Servicing, Inc., & U.S. Bank, NA, No. CV 16-654S, 2017 WL 6334123, at *7 (D.R.I. Aug. 29, 2017), adopted, 2017 WL 6343644 (D.R.I. Dec. 11, 2017).

[5] In addition to having none of the indicia that would permit the Court to take judicial notice of it, this document introduces matters outside of the complaint and is not appropriate for consideration in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 26(b)(6). See n.2, *supra*.

Period payments, yet Plaintiff does not allege that he fulfilled any of them." Id. (italics in original).

For a valid contract, Rhode Island law requires "competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation." DeAngelis v. DeAngelis, 923 A.2d 1274, 1279 (R.I. 2007) (citing R.I. Five v. Med. Assocs. of Bristol Cty., Inc., 668 A.2d 1250, 1253 (R.I. 1996)). Plaintiff has more than sufficiently alleged these essential elements with his allegations that Wells Fargo offered to modify his loan if he made three trial period payments, that Plaintiff made the payments, and that Wells Fargo failed to modify the loan. Defendants contend that Plaintiff's pleading alleges that his agreement to pay the three trial payments was "part of said contract," permitting the inference that there were other obligations assumed by Plaintiff with which he did not comply. ECF No. 1-4 ¶ 12. The argument turns the analysis proper at the 12(b)(6) phase on its head; in considering a motion under Fed. R. Civ. P. 12(b)(6), the Court must draw all reasonable inferences in favor of the claimant, not the movant. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). So viewed, Plaintiff's pleading permits the inference that he fully performed by making the trial payments as agreed. Based on the 12(b)(6) mandate that the Court must assume that the facts as pled are true and must draw all inferences in favor of Plaintiff, these allegations are sufficient to state a facially plausible claim for relief. Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 235 (1st Cir. 2013) (because loan modification agreement "could plausibly be read in [plaintiff's] favor, and the complaint's allegations indicate that defendants breached the contract by failing to provide a permanent modification agreement by the modification effective date, she has done enough to survive a motion to dismiss").

Plaintiff's related claim for breach of the requirement of good faith and fair dealing implied in every contract is equally viable. Rhode Island law recognizes such a claim "so that

the contractual objectives may be achieved." Ide Farm & Stable, Inc. v. Cardi, 297 A.2d 643, 645 (R.I. 1972). The complaint complies with the principle that this duty does not give rise to an independent cause of action, but must be tethered to a contractual duty. A.A.A. Pool Serv. & Supply, Inc. v. Aetna Cas. & Sur. Co., 395 A.2d 724, 725-26 (R.I. 1978). The complaint also is consistent with "[t]he applicable standard in determining whether one has breached the implied covenant of good faith and fair dealing[, which] is whether or not the actions in question are free from arbitrary or unreasonable conduct." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F. Supp. 2d 317, 329 (D.R.I. 1999). If, as Plaintiff alleges, Wells Fargo entered into a contract to permanently modify Plaintiff's loan if he made three monthly payments and then refused to honor its side of the bargain after Plaintiff made the payments, Plaintiff has described conduct that is plausibly arbitrary and unreasonable. Consequently, Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing must survive this threshold challenge.

Defendants' arguments in support of their motion rely on their challenge to the factual viability of Plaintiff's pleading, which is not cognizable at the 12(b)(6) phase as long as Plaintiff's facts are plausible, a threshold that is plainly met by the pleading. Accordingly, I recommend that Defendants' motion to dismiss Count I of the Complaint be denied.

### B. *Count II – Promissory Estoppel*

Alternatively, Plaintiff alleges that he was induced to make the three monthly payments by Defendants' representations that, in exchange, they would permanently modify his mortgage loan. ECF No. 1-4 ¶ 22. He claims that these representations were intended to induce him to make the payments, and did so induce him, and he relied on those representations. Id. ¶ 23. He pleads that Defendants' failure to follow through with their representations was the direct and proximate cause of the foreclosure of his mortgage and the foreclosure sale of his house. Id. ¶¶

7

24-25.  Defendants argue that the estoppel Count must be dismissed because Plaintiff has failed plausibly to allege that Defendants unambiguously promised to modify the loan, as well as that he did not "adequately pled a *plausible* detriment that was caused by his *reasonable* reliance on an alleged promise."  ECF No. 21-1 at 15 (italics in original).

According to the Rhode Island Supreme Court, the doctrine of promissory estoppel is generally used as a substitute for consideration, thereby "rendering a gratuitous promise enforceable as a contract."  E. Providence Credit Union v. Geremia, 239 A.2d 725, 727 (R.I. 1968).  The Rhode Island Supreme Court has identified three requisite elements:

1. A clear and unambiguous promise;
2. Reasonable and justifiable reliance upon the promise; and
3. Detriment to the promisee, caused by his or her reliance on the promise.

Cote v. Aiello, 148 A.3d 537, 547 (R.I. 2016) (citing Filippi v. Filippi, 818 A.2d 608, 626 (R.I. 2003)).  In his pleading, Plaintiff alleges that Defendants made a clear promise to him that they would permanently modify the terms of his mortgage loan if he made the three payments.  Consequently, Plaintiff, presumably in some financial distress, scraped together the money and made the payments, in plausible reasonable reliance on Defendants' promise.  And Defendants reneging on their side of the bargain plausibly was to Plaintiff's detriment in that he was left without his money, and without his house.  Based on these allegations, I find that Plaintiff has made out a sufficient and plausible claim for promissory estoppel.  Cf. Adamson v. Mort. Elec. Registration Sys., Inc., 29 Mass. L. Rptr. 33, 2011WL 4985490, *5 (Mass. Super. Ct. Oct. 19, 2011) (applying Massachusetts law, estoppel claim dismissed because denial letter attached to amended complaint was clear that it was not reasonable for mortgagee to expect that failed attempt to modify would protect him from foreclosure).

I recommend that Defendants' motion to dismiss Count II be denied.

### C. Count III – Violation of DTPA, R.I. Gen. Laws § 6-13.1-1

Plaintiff alleges that Well Fargo's conduct – "inducing Plaintiff's beliefs (and consequent action) relating to the attainment of a permanent modification of the Stamatakos mortgage" – amounts to "a violation of R.I.G.L. Chapter 6-13.1." ECF No. 1-4 ¶ 28. Defendants argue that Count III should be dismissed because DTPA does not apply to mortgage loans. The challenge is well founded. While DTPA broadly provides that, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful," R.I. Gen. Laws § 6-13.1-2, Rhode Island courts have consistently interpreted it as not applicable to mortgage loans. Miller v. Wells Fargo Bank, N.A., No. KC-11-0600, 2015 WL 1515942, at *8 (R.I. Super. Ct. Mar. 30, 2015) ("the Rhode Island DTPA statute does not apply to mortgage loans"), aff'd on other grounds, 160 A.3d 975 (R.I. 2017); De Simone v. Warwick Fed. Savings & Loan Ass'n, No. C.A. 80-822, 1981 WL 386509, at *1 (R.I. Super. Ct. Oct. 20, 1981) (same). These decisions rely on DTPA's express limitation to afford protection only to a "person who purchases or leases goods or services," which both a mortgage loan and a loan modification are not. Miller, 2015 WL 1515942, at *7-8 (DTPA does not apply to consideration of loan modification applications). This Court is bound by state court decisions interpreting a Rhode Island statute. Accordingly, I recommend that Defendants' motion to dismiss Count III be granted.

### D. Count IV – Quiet Title

Plaintiff's fourth and final Count traces a tangled course, concluding with his allegation that, as between his claim and U.S. Bank's claim to the subject property, his title, based on the prior-recorded deed, is the superior one. Therefore, he asks the Court to quiet title in his favor. To reach the destination, Plaintiff begins with the allegation that the foreclosure deed is void

9

because it was executed by someone with a faulty power of attorney in contravention of R.I. Gen. Laws § 34-11-34 in that the power (1) fails to specifically identify the mortgage loan and (2) fails to specify that the person executing the foreclosure deed is the person authorized by the power of attorney. Next, Plaintiff argues that the 2006 assignment of the mortgage from First Horizon to U.S. Bank is void because "it was not executed by an officer, employee or agent of the assignor having the requisite authority, personal knowledge and intent." ECF No. 4-1 ¶ 36. Because of the alleged unlawfulness of these two underlying transactions, Plaintiff concludes that the foreclosure and the foreclosure sale are void and of no force or effect; "Defendant U.S. Bank could not have stood in the shoes of the lender or mortgagee for purposes of proceeding with a foreclosure process or invoking a mortgagee's power of sale." Id. ¶ 37. Consequently, Plaintiff concludes, he is entitled to a judgment declaring that he is the lawful owner of the property.

On the first (chronologically-speaking) issue (the 2006 assignment from First Horizon to U.S. Bank), Defendants correctly point out that Plaintiff lacks standing to make the argument. The law of Rhode Island is clear that, even if the signatory to an assignment (or other contract) lacks the proper authority, the assignment is rendered voidable rather than void. Clark v. Mortg. Elec. Registration Sys., Inc., 7 F. Supp. 3d 169, 176-77 (D.R.I. 2014) ("mortgage is only voidable by the mortgagee even if the agent of the mortgagee acted without authority"). A voidable contract may be voided only "at the election of one of the parties to the contract." Cruz v. Mortg. Elec. Registration Sys., Inc., 108 A.3d 992, 997-98 (R.I. 2015). This means that only the parties to the assignment, that is U.S. Bank and First Horizon, have standing to contest its validity. See Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407, 413 n.12 (D. Mass. 2012) (collecting cases). Even assuming that Plaintiff is correct that the signatory to the assignment

lacked authority – as the Court must for purposes of this motion – Plaintiff has no legal standing to challenge the validity of the assignment.

Plaintiff's challenges to the foreclosure deed and the power of attorney utilized in connection with the recording of the foreclosure deed are also legally deficient. Defendants correctly rely on the Rhode Island statute providing that a recorded foreclosure deed supported by a power of attorney that conforms to the statutory requirements is presumptively legitimate:

> **Conveyances executed by attorney – Recording of power.** Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, providing that a power of attorney be given by such grantor for this purpose; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered and recorded with like formalities prescribed by law concerning deeds from grantors in person.

R.I. Gen. Laws § 34-11-34. Defendants are also right that this statute does not contain the requirements, invoked by Plaintiff, that the power of attorney must specifically identify the foreclosed mortgage loan to which it appertains or must expressly specify that the person executing the foreclosure deed was the person authorized by the power of attorney. Id.

In this instance, the power of attorney (ECF No. 21-6) is signed by two vice presidents for U.S. Bank, a trust officer, two witnesses, is notarized by a Minnesota notary public, operates to appoint Wells Fargo as attorney-in-fact for U.S. Bank, and was received and recorded in the Land Records office for the City of Providence on May 15, 2006. In short, it conforms to the requirements of § 34-11-34. Similarly, the foreclosure deed itself is duly signed, dated, notarized and recorded; therefore, pursuant to R.I. Gen. Laws § 34-11-34, it constitutes "presumptive evidence" of title to the property after foreclosure. Deutsche Bank Nat. Trust Co. v. Monegro, No. KC 2011-1345, 2013 WL 372646, at *4 (R.I. Super. Ct. Jan. 24, 2013) (Trial Order); see Southwick v. Mort. Elec. Registration Sys., Inc., No. KC 2010-0290, 2013 WL 1496526, at *3 n.4 (R.I. Super. Ct. Apr. 5, 2013) ("[I]t may be assumed that the individuals executing

11

[foreclosure deeds] were the officers they purported to be where the instrument is executed and acknowledged in proper form."). Such a properly acknowledged foreclosure deed "will not be set aside absent clear and convincing evidence that the certificate of acknowledgment is false." Hoecke v. First Franklin Fin. Corp., No. KC 2009-0743, 2013 WL 1088825, at *4 (R.I. Super. Ct. Mar. 7, 2013). Plaintiff's complaint does not purport to meet this standard.

While these shortcomings are sufficient in that they are fatal to the viability of Count IV, the Court must acknowledge yet another reason grounded in Rhode Island law why title cannot be quieted in Plaintiff. It is well settled that proof of legal title to the property is an essential element of a quiet title action. Lister v. Bank of Am., N.A., 790 F.3d 20, 24 (1st Cir. 2015). The Rhode Island Supreme Court has held that the mortgagee continues to hold legal title to a mortgaged property until the mortgage debt is paid in full. Bucci v. Lehman Bros. Bank, FSB, 68 A.3d 1069, 1078 (R.I. 2013). In accordance with title theory, the mortgagor (the homeowner) holds only equitable title to the property until the mortgage debt is paid off. Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 23 (1st Cir. 2013) (mortgage splits title to property into two parts). These interests are deemed to be "complementary and separate claims; one party's interest (legal or equitable), as a general rule, does not interfere with the other's." Lister, 790 F.3d at 25; Lemelson, 721 F.3d at 24. In this case, Plaintiff surrendered legal title to his property when he initially entered into the mortgage. His later efforts to obtain a loan modification demonstrate that the mortgage loan has not yet been paid in full. Therefore, Plaintiff has not successfully reacquired the defeasible legal title to the property, and may not assert a claim to the property that is adverse to Defendants. Avedisian v. Select Portfolio Servicing, Inc., & U.S. Bank, NA, No. CV 16-654S, 2017 WL 6334123, at *7 (D.R.I. Aug. 29, 2017), adopted, 2017

WL 6343644 (D.R.I. Dec. 11, 2017) (because they hold only equitable title, mortgagors' quiet title claim is subject to dismissal).

Based on the foregoing, I recommend that Count IV be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (ECF No. 21) be granted as to Counts III and IV, and denied as to Counts I and II.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 5, 2018